| | | |
|---|---|---|
| **JOSEPH P. MACKACHINIS and** | : | **No. 3:12cv2012** |
| **WILLIAM J. BRESLIN,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **MCCOSAR MINERALS, INC.,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court is Defendant McCosar Minerals, Inc.'s (hereinafter "defendant") motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 3). The matter is fully briefed and ripe for disposition. For the following reasons, the court will grant defendant's motion to dismiss all counts of the complaint, of which counts I, III and IV will be dismissed with prejudice.

**Background**

Plaintiffs Joseph P. Mackachinis and William J. Breslin (collectively "plaintiffs") are the recorded owners of real property consisting of 70.09 acres in Harford Township, Susquehanna County, Pennsylvania. (Doc. 1-1, Ex. A, Compl. (hereinafter "Compl.") ¶ 4). Plaintiffs' own this property pursuant to a deed dated May 23, 2008. (<u>Id.</u>)

On July 6, 2009, plaintiffs entered into a "Hydrocarbon Conveyance" (hereinafter the "contract") with defendant. (<u>Id.</u> ¶ 5). The one page, pre-

preprinted contract provides, in pertinent part, as follows:

> [Plaintiffs], in consideration of TEN DOLLARS ($10.00) and other valuable consideration, **the receipt of which is hereby acknowledged**, [have] granted, sold, conveyed, assigned and delivered, and by these presents do[] hereby grant, sell, convey, assign, set over and deliver unto [Defendant], its successors and assigns, all of the right, title and interest owned by [Plaintiffs] in and to all the oil, gas, methane, coalbed methane, and their constituents, whether hydrocarbons or non-hydrocarbons, but excluding coal. . . .

> [Plaintiffs] acknowledge[] that [Defendant] made no representation or warranties of any kind to [Plaintiffs] to execute this instrument **other than the payment of consideration therefore** . . . .

> The actual consideration for this transaction is $105,135.00. . . .

(Compl., Ex. D, Hydrocarbon Conveyance) (emphasis added).  On November 23, 2009, defendant recorded the contract with the office of the Register of Wills and Recorder of Deeds of Susquehanna County.  (Compl. ¶ 7).

At all relevant times, plaintiffs have undertaken all obligations owed by them under the terms of the contract.  (Id. ¶ 25).  Despite their performance under the contract, as well as their requests for payment, plaintiffs have yet to receive the actual consideration promised in the contract.  (Id. ¶¶ 9-10, 13-14, 19, 26, 30).  Plaintiffs allege that defendant had no intention of actually paying plaintiffs the agreed upon actual consideration.  (Id. ¶ 20).  Rather, defendant promised to pay plaintiffs $105,135 as a means to induce them to assent to the contract.  (Id. ¶¶ 20-21).  Plaintiffs relied on defendant's promise, and they

2

would not have agreed to the contract but for this promise.  (Id. ¶¶ 22-24).

On September 6, 2012, plaintiffs initiated the instant action in the Court of Common Pleas of Susquehanna County by filing a four-count complaint. (Doc. 1, Notice of Removal ¶ 1).  Count I alleges defendant is liable upon a theory of "failure of consideration."  (Compl. ¶¶ 8-11).  Count II charges defendant with a breach of contract and asserts that the unique nature of the contract precludes an adequate remedy at law.  (Id. ¶¶ 12-17).  Count III charges defendant with fraud.  (Id. ¶¶ 18-28).  Count IV alleges defendant is liable under a theory of a "constructive trust."  (Id. ¶¶ 29-31).

Defendant removed the instant action to this court on October 5, 2012. On October 12, 2012, defendant filed a motion to dismiss and brief in support thereof.  Plaintiffs filed a brief in opposition to defendant's motion on November 19, 2012, and defendant submitted a reply brief on December 3, 2012, bringing this case to its current posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff Joseph P. Mackachinis is domiciled in and a citizen of Pennsylvania.  (Doc. 1, Notice of Removal ¶ 3).  Plaintiff William J. Breslin is domiciled in and a citizen of Pennsylvania.  (Id. ¶ 4).  Defendant McCosar Minerals, Inc. is incorporated under the laws of the State of California with its

principal place of business in Oklahoma.  (Id. ¶ 5).  Because complete

diversity of citizenship exists among the parties and the amount in controversy

exceeds $75,000.00, the court has jurisdiction over the case.  See 28 U.S.C.

§ 1332.  As a federal district court sitting in diversity, the substantive law of

Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210

F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78

(1938)).

**Standard of Review**

The court tests the sufficiency of the complaint's allegations when

considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the

complaint must be viewed as true and in the light most favorable to the non-

movant to determine whether, "'under any reasonable reading of the

pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby

Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare

v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must

describe "'enough facts to raise a reasonable expectation that discovery will

reveal evidence of' [each] necessary element" of the claims alleged in the

complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the

plaintiff must allege facts that "justify moving the case beyond the pleadings to

4

the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual detail in a

5

complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

In the instant motion, defendant asserts that plaintiffs' complaint fails to meet our minimal pleading requirements and must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs concede that counts I and IV should be dismissed,[1] but they contest defendant's other

---

[1] Defendant avers that count I should be dismissed as duplicative of count II. Plaintiffs do not defend against defendant's contention that counts I and II are duplicative; rather, plaintiffs simply state that "[t]he Court's power to dismiss duplicative claims is undisputed." (Doc. 6, Pls.' Mem. of Law at 4). Plaintiffs are correct on this point, and ample authority supports this court's

arguments.  Therefore, the court will address whether plaintiffs state a viable claim with respect to counts II and III.

## A.  Breach of Contract

In count II, plaintiffs contend that defendant breached the contract by failing to provide plaintiffs with $105,135 and that, as a result, the contract should be voided.  (Compl. ¶¶ 12-17).  Defendant argues that count II fails to state a sufficient cause of action.  Specifically defendant contends that plaintiffs' breach of contract claim fails to state (1) that plaintiffs cooperated with defendant to carry out the purposes of the agreement, (2) that plausible damages exist and (3) the existence of a sufficient legal basis for claiming the equitable remedy of rescission.

With respect to its first two contentions, defendant attacks plaintiff's

_____

discretion to dismiss duplicative counts of a complaint.  See, e.g., Brown & Brown, Inc. v. Cola, 745 F. Supp. 2d 588, 626-27 (E.D. Pa. 2010) (dismissing a count where it was "nothing more than duplicative" of other counts in a complaint); Caudill Seed & Warehouse Co., Inc. v. Prophet 21, Inc., 123 F. Supp. 2d 826, 834 (E.D. Pa. 2000) (dismissing a count that "merely duplicates" another count).  The court finds that plaintiffs' count I for "failure of consideration" is duplicative of the breach of contract claim plaintiffs allege in count II.  As such, count I will be dismissed with prejudice.

Count IV will similarly be dismissed with prejudice because a constructive trust is not an independent cause of action.  See ClubCom, Inc. v. Captive Media, Inc., No. 02:07-cv-1462, 2009 WL 249446, at *15 (W.D. Pa. Jan. 31, 2009) (holding that a "constructive trust is not a cause of action but a remedy.").  Plaintiffs do not dispute this point and concede that the court should dismiss count IV.  (Doc. 6, Pls.' Mem. of Law at 8).

breach of contract claim on the basis that the complaint fails to state the elements needed to assert a breach of contract action in Pennsylvania. Under Pennsylvania law, parties asserting claims for breach of contract must allege the following three elements: "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages." Alpart v. Gen. Land Partners, Inc., 574 F. Supp. 2d 491, 502 (E.D. Pa. 2008) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)); see also Mavrinac v. Emergency Med. Ass'n of Pittsburgh, No. 2:04 CV 1880, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005) (noting that to plead a breach of contract, "a plaintiff must assert the existence of a valid and binding contract; that the plaintiff has complied with [the] contract by performing her own obligations under it; [that] all conditions precedent were fulfilled; [that] there was a breach of the contract; and [that] damages were incurred" (citing Pierce v. Montgomery Cnty. Opportunity Bd., Inc., 884 F. Supp. 965, 970 (E.D. Pa. 1995))).

In its first argument, defendant contends that the complaint fails to allege that plaintiffs complied with the terms of the contract. On this point, the complaint alleges that "[a]t all relevant times, Plaintiffs have undertaken all obligations owed by them under the terms of the Hydrocarbon Conveyance." (Compl. ¶ 25). This averment is sufficient under federal pleading standards to

8

allege compliance with the contractual obligations. Contrary to defendant's assertions, plaintiffs need not plead that they complied with each specific obligation found in the contract. See McTernan, 564 F.3d at 646. Therefore, the court does not agree with defendant's first contention regarding count II of the complaint.

The court similarly disagrees with the second ground upon which defendant attacks count II. Defendant contends that plaintiffs failed to plead the necessary element of resultant damages because the complaint alleges that equitable relief is required to make plaintiffs whole. However, a plain reading of the complaint reveals that plaintiffs alleged that they were damaged–plaintiffs state they were denied $105,135 as a result of defendant's breach. (Compl. ¶¶ 9-10, 13-14, 19, 26, 30). Plaintiffs' request for equitable relief does not automatically invalidate their breach of contract action. Courts interpreting Pennsylvania law have allowed the equitable remedy of rescission to make a plaintiff whole in instances when the breach alleged is material and involves allegations of fraud. See Keenheel v. Commonwealth, 565 A.2d 1147, 1151 (Pa. 1989) ("[w]hen equitable rescission is sought as a remedy for breach of contract, it must generally be shown that the remedy at law is inadequate." (citing Casey v. Phila. Auto Sales Co., 236 A.2d 800 (Pa. 1968))); Stafford Invs., LLC v. Vito, No. 04-

3182, 2009 WL 1362513, at *10 (E.D. Pa. May 14, 2009) (finding that rescission is an appropriate remedy for a breach of contract when the plaintiff is able to establish fraud in the inducement); <u>Cabot v. Jamie Record Co.</u>, No. CIV. A. 96-4672, 1999 WL 236737, at *6 (E.D. Pa. April 19, 1999) (finding that rescission is an appropriate remedy for a breach of contract when the "'party has suffered a breach of such fundamental and material nature that it affects the very essence of the contract and serves to defeat the object of the parties.'" (quoting <u>Castle v. Cohne</u>, 676 F. Supp. 620, 627 (E.D. Pa. 1987))).[2] Thus, a fair reading of the complaint reveals that plaintiffs adequately pled the element of resultant damages.

Unlike its first two arguments, the court agrees with defendant's third basis for challenging count II and finds that plaintiffs have failed to state a claim for rescission as a matter of law. The allegations in the complaint reveal that plaintiffs waited more than three years after they entered into the agreement at issue to bring this action. Under Pennsylvania law, this delay amounts to a waiver of the equitable remedy of rescission. <u>See</u> <u>Sixsmith v. Martsolf</u>, 196 A.2d 662, 663 (Pa. 1964) (finding that an action for rescission

---

[2] The court does not express an opinion with respect to whether plaintiffs' complaint sufficiently alleges that the instant case is an extraordinary one in which a remedy at law is inadequate and rescission is an appropriate remedy because defendant did not raise this argument in its motion to dismiss.

filed twenty-five months after the agreement was entered into is legally too late, and that a "contract secured by fraud is voidable only at the option of the injured party, who must act promptly on the discovery of the fraud or the right to rescind is waived."); <u>Wolgin v. Smith</u>, No. CIV. A. 94-7471, 1996 WL 355338, at *3 (E.D. Pa. June 21, 1996) ("[T]o obtain a rescission, the party must act promptly upon discovery of the fraud to restore or tender any benefit received or the right to rescind is waived" (citations omitted)).

Accordingly, the law and the facts alleged support this court finding that plaintiffs waived their ability to seek the equitable remedy of rescission for the complained of breach of contract by failing to promptly bring this action.[3] Because rescission is the only remedy plaintiffs seek, the court will dismiss count II without prejudice to plaintiffs refiling an amended complaint for breach

---

[3] In their brief, plaintiffs present succinct arguments regarding the viability of the equitable remedy of rescission notwithstanding the delay in bringing this action. (Doc. 6, Pls.' Mem. of Law at 6). These arguments are meritless. Without citing to any legal authority, plaintiffs contend that their three year delay in bringing this action is excusable because defendant's failure to pay them constitutes an ongoing fraud. The facts alleged in the complaint do not support plaintiffs' contention. The complaint clearly alleges a single fraudulent act at the time the contract was executed. (<u>See</u> Compl. ¶¶ 19-28). Defendant's fraudulent promise should have been discovered quickly because the contract provides that consideration was due at the time the agreement was executed. (Compl., Ex. D, Hydrocarbon Conveyance). Moreover, the complaint is devoid of facts to support the conclusion that defendant perpetrated a continuing and ongoing fraud on plaintiffs (i.e. defendant is not alleged to have made continuing reassurances of payment to plaintiffs).

of contract.

### B. Fraud

In count III, plaintiffs recast the allegations underpinning their breach of contract claim into a claim for fraud. Plaintiffs allege that defendant knowingly misled them into entering into the contract by promising to pay $105,135 in actual consideration and then failing to do so. (Compl. ¶¶ 19-28). Defendant contends that plaintiffs' fraud claim should be dismissed pursuant to Pennsylvania's "gist of the action" doctrine. For the following reasons, the court agrees with defendant and will dismiss count III with prejudice.

In Pennsylvania, the "gist of the action" doctrine "'maintain[s] the conceptual distinction between breach of contract and tort claims[,]' and precludes plaintiffs from recasting ordinary breach of contract claims as tort claims." McShea v. City of Phila., 995 A.2d 334, 339 (Pa. 2010) (quoting eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super Ct. 2002)). The Pennsylvania Superior Court in eToll found that the gist of the action doctrine precludes tort actions "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract." eToll, Inc., 811

A.2d at 19 (internal citations and internal quotation marks omitted); see also
Bruno v. Bozzuto's, Inc. 850 F. Supp. 2d 462, 468-69 (M.D. Pa. 2012)
(dismissing claims for negligent and fraudulent misrepresentation under the
gist of the action doctrine because these claims arose from contractual
duties).

In this case, plaintiffs' claim for fraud arises solely from the contract
between the parties. Plaintiffs' fraud claim depends upon the same
allegations upon which the breach of contract claim is based–that defendant
promised to pay plaintiffs $105,135 and intentionally failed to do so. In an
attempt to avoid dismissal of count III under the gist of the action doctrine,
plaintiffs point to the fact that defendant recorded the contract as an
independent basis for bringing a claim of fraud. Plaintiffs, however, fail to cite
any cases supporting the contention that recording a contract transforms a
run of the mill breach of contract claim into an actionable claim for fraud.
Moreover, the allegation that the contract was recorded adds little to plaintiffs'
fraud claim. Plaintiffs' fraud claim is dependent upon the success of their
claim that defendant is in breach for failing to pay them actual consideration.

Additionally, the court notes that plaintiffs admit elsewhere in their brief
that their claim for fraud, like the other three claims contained in their
complaint, "arise[s] from McCosar's failure to pay Plaintiffs what McCosar

promised to pay them in exchange for Plaintiffs' oil and gas rights, as conveyed to McCosar via the Hydrocarbon Conveyance . . . ." (Doc. 6, Pl.'s Mem. of Law at 4). Therefore, given plaintiffs' admission that their fraud claim is nothing more than a recasting of the allegations compromising the breach of contract claim, the court will dismiss count III of the complaint with prejudice pursuant to the gist of the action doctrine.

**Conclusion**

For the reasons stated above, the court will dismiss plaintiffs' complaint. Counts I, III and IV will be dismissed with prejudice. Count II will be dismissed without prejudice to plaintiffs filing an amended complaint within twenty-one (21) days. The amended complaint, whether it requests relief in law or in equity, shall cure the defects identified in this memorandum. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH P. MACKACHINIS and** | : | **No. 3:12cv2012** |
| **WILLIAM J. BRESLIN,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **MCCOSAR MINERALS, INC.,** | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, to wit, this 23rd day of April 2013, Defendant McCosar Minerals, Inc.'s motion to dismiss (Doc. 3) is hereby **GRANTED**. Counts I, III, and IV of the Complaint are **DISMISSED WITH PREJUDICE**. Count II of the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs Joseph P. Mackachinis and William J. Breslin may file an amended complaint within twenty-one (21) days from the date of this Order. The court will direct the Clerk of Court to close this case if plaintiffs fail to file an amended complaint within the time allowed.

**BY THE COURT:**


  s/ James M. Munley
**JUDGE JAMES M. MUNLEY
United States District Court**